**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| **AYANA ISHAM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO. 2:21-CV-00240 |
| | ) |
| **HOUSECALL DOCTORS, P.C.,** | ) |
| **SAKET SINHA** and | ) |
| **MONIKA SINHA** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff Ayana Isham ("Isham") brings this action against Housecall Doctors, P.C. ("Housecall"), Saket Sinha, and Monika Sinha (Housecall, Saket Sinha and Monika Sinha are collectively referred to herein as "Defendants"), and shows as follows:

## OVERVIEW

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and the Indiana Wage Payment Statute I.C. §§ 22-2-5-1 *et seq.* Defendants violated the FLSA by failing to pay Isham the overtime premium and minimum wages required under federal law. Defendants also violated Indiana law by failing to timely pay Isham's earned wages.

## PARTIES

2. Isham is an individual who resides in Cook County, Illinois. She was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Isham was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

3. Houscall is an Indiana professional corporation doing business in Indiana. Housecall acted, directly or indirectly, in the interest of an employer with respect to Isham. Housecall is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. Saket Sinha is the spouse of Monika Sinha.  Saket Sinha is an owner, president and/or officer of Housecall.  In this capacity, Saket Sinha is involved in the day-to-day business operations of Housecall.  Saket Sinha has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including decisions regarding the overtime and minimum wage violations alleged in this Complaint.  At all relevant times, Saket Sinha acted and had responsibility to act on behalf of, and in the interests of, Housecall in devising, directing, implementing and supervising the wage practices and policies relating to employees, including the overtime and minimum wage issues raised in this lawsuit.   At all relevant times, Saket Sinha was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

5. Monika Sinha is the spouse of Saket Sinha.  Monika Sinha is an owner and/or officer of Housecall.  In this capacity, Monika Sinha is involved in the day-to-day business operations of Housecall.  Monike Sinha has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including decisions regarding the overtime and minimum wage violations alleged in this Complaint.  At all relevant times, Monika Sinha acted and had responsibility to act on behalf of, and in the interests of, Housecall in devising, directing, implementing and supervising the wage practices and policies relating to employees, including the overtime and minimum wage issues raised in this

lawsuit. At all relevant times, Monika Sinha was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

6. This Court has jurisdiction over Defendants because Isham brings claims arising under federal law. This Court has supplemental jurisdiction over Isham's Indiana state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

7. Venue is appropriate in the Northern District of Indiana pursuant to 28 U.S.C. § 1391 because the facts and events giving rise to Isham's claims occurred in this judicial district, Defendants have a business location in this judicial district, and Defendants provide services to patients within this judicial district.

## FLSA COVERAGE

8. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

9. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

10. At all times hereinafter mentioned, Isham was an employee engaged in commerce or in the production of goods for commerce.

## FACTS

11. Defendants operate a business providing in-home medical services to patients in Indiana. Defendants' principal place of business is in Highland, Lake County, Indiana.

12. Defendants employed Isham as a nurse practitioner from approximately February 10, 2021 to approximately July 12, 2021.

13. As part of her employment, Isham drove to the homes of Defendants' patients to provide in home medical care.

14. Isham was not compensated for all her compensable hours worked.

15. Specifically, Isham was required to visit numerous patients on a daily basis, but was not compensated for all her hours worked in a continuous workday.

16. An example of Isham's typical workday was as follows: Isham would travel to the home of her first patient of the day. Following completion of that first appointment of the day, Isham was required to travel to the home of her second patient of the day and following completion of the second appointment, Isham was required to travel to the home of her third patient of the day. This continued each workday until Isham completed her last appointment of the day.  Following her last appointment of the workday, Isham was required to travel home. Every day, while at her home and apart from her patient visits, Isham would also perform additional required work, including but not limited to, the following tasks: patient scheduling, patient phone calls, telehealth visits, patient charting, medication reconciliation, and lab reviews.

17. Despite Isham's compensable travel time between patients and her compensable hours spent working from her home, Isham was not paid the overtime premium required under the FLSA for all her hours worked in excess of forty (40) hours in a single workweek.

18. With the exception of her final workweek, throughout her employment with Defendants, Isham always worked in excess of forty (40) hours in each workweek.

19. Despite nearly always working in excess of forty (40) hours each workweek, Isham was not paid the FLSA required overtime premium for her hours worked in excess of forty (40) in a single workweek.

20. Isham did not perform work for Defendants that would exempt Isham from the overtime provisions of the FLSA.

21. Isham did not perform work for Defendants that would exempt Isham from the minimum wage provisions of the FLSA.

22. Defendants agreed to pay Isham a piece rate of $45 per patient visit.

23. Defendants did not pay Isham at the rate of $45 per patient visit for all patient visits made by Isham.

24. Defendants paid Isham on a bi-weekly basis.

25. Defendants did not track Isham's hours worked.

26. Defendants violated the recordkeeping provisions of the FLSA.

27. Isham voluntarily resigned her employment on July 12, 2021.

28. The last day Isham performed work for Defendants was July 12, 2021.

29. After her resignation on July 12, 2021, Isham was owed, and has not received, wages for her final two pay periods. Specifically, Isham is owed, but has not

received, wages for two full workweeks that came due on the pay date of July 16, 2021. Additionally, Isham is owed, but has not received, wages for one full day of pay that came due on the pay date of July 30, 2021.

30. Specifically, Isham is owed wages for the two workweeks running from June 28, 2021 to July 11, 2021. Defendants have paid Isham no wages at all for her hours worked in the workweeks running from June 28, 2021 to July 11, 2021.

31. Additionally, Isham is owed wages for her single day worked on June 12, 2021, which occurred in the workweek of July 12, 2021 to July 18, 2021.  Defendants have paid Isham no wages at all for her hours worked in the workweeks running from July 11, 2021 to July 18, 2021.

32. As a result of Defendants refusal to pay Isham any wages at all for her final two pay periods, Defendants have violated the minimum wage provisions of the FLSA.

33. As a result of Defendants' refusal to pay Isham any wages at all for her final two pay periods, Defendants have violated the Indiana Wage Payment Statute.

34. As a result of Defendants' refusal to pay Isham any wages at all for her two workweeks running from June 28, 2021 to July 11, 2021, Defendants committed a further violation of the FLSA's overtime provisions.

35. At the time of her resignation, Isham was entitled to, but did not receive, compensation for her earned vacation pay from Defendants.

## COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

36. Isham hereby incorporates by reference Paragraphs 1 – 35 of this Complaint.

37. During the relevant time period, Defendants have violated and are violating the provisions of 29 U.S.C. §§ 206 and 207 by failing to comply with the minimum wage and overtime requirements of the FLSA.

38. Defendants acted intentionally, willfully, or with reckless disregard to the rights of Isham as protected by the FLSA.

## COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA CODE §§22-2-5-1 *et. seq.*

39. Isham hereby incorporates by reference Paragraphs 1 – 38 of this Complaint.

40. During the relevant time period, Defendants have violated and are violating provisions of Indiana Code §§22-2-5-1 *et. seq.* by failing to timely pay Isham's wages, including regular earned wages and vacation pay.

41. Defendants' refusal to timely pay Isham her earned wages was in bad faith.

## PRAYER FOR RELIEF

WHEREFORE, Isham respectfully requests that this Court enter judgment against Defendants and award relief as follows:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Isham, in addition to liquidated damages equal in amount to the unpaid compensation due to Isham

b. An Order pursuant to I.C. §§ 22-2-5-1 *et. seq.* finding Defendants liable for unpaid earned wages due to Isham, plus liquidated damages double in amount of the unpaid wages found due to Isham;

c. An Order awarding Isham costs of this action;

    d.      An Order awarding Isham reasonable attorney's fees;

    e.      A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage and overtime requirements of the FLSA;

    f.      An Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

s/Robert J. Hunt
Robert J. Hunt, (#30686-49)
Robert F. Hunt (#7889-84)
The Law Office of Robert J. Hunt, LLC
1905 South New Market Street, Ste 168
Carmel, Indiana 46032
Telephone:  (317) 743-0614
Facsimile:   (317) 743-0615
E-Mail:      rob@indianawagelaw.com
               rfh@indianawagelaw.com

Attorneys for Plaintiff